Dear Mr. Wells:
This office is in receipt of your opinion request sent via facsimile on March 15, 1993. The request has been assigned to me for review.
You raise the following issue for our resolution:
 "May a Alexandria/Pineville Area Convention and Visitors Bureau member concurrently hold full-time employment as director of the Bureau?"
We are of the opinion that an appropriate analysis of this issue requires review of the Dual Officeholding and Dual Employment laws of the state, LSA-R.S. 42:61, et. seq. However, there is language in LSA-R.S. 33:4574 which, at first glance, seems to be dispositive of the issue. LSA-R.S. 33:4574 provides, in pertinent part:
 "(E). The commission shall have the power to sue and be sued, to accept grants or donations of every type, to make capital improvements for the purpose of obtaining federal funds, to do all things necessary for the promotion and the advertisement and publication of information relating to tourist attractions within its jurisdiction. However, the commission shall not exercise any function which results in competition with local retail businesses or enterprises. Such tourist commission shall not be construed to be a political subdivision of the state or of the parish or parishes creating it." (Emphasis added).
The language of LSA-R.S. 33:4574(E) seems to render the Dual Officeholding and Dual Employment laws inapplicable to the situation at hand, since these laws contemplate combinations of positions within state government and its political subdivisions. However, Act 700 of the 1977 Regular Legislative Session enacting the Dual Officeholding and Dual Employment laws, as the latest expression of legislative will, is controlling. LSA-R.S. 33:4574(E) was added by Act 19 of the 1975 Regular Legislative Session, and Section (E) of the statute has not been amended or reenacted since that time.
The Dual Officeholding and Dual Employment laws are applicable herein. The prohibitions are contained within LSA-R.S. 42:63; we specifically quote LSA-R.S. 42:63(D) and42:63(E), which provide in part:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ." LSA-R.S. 42:63(D).
 "No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these." LSA-R.S. 42:63(E).
For your further review, we quote pertinent sections of LSA-R.S. 42:62. "Employment" is defined as:
 ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." LSA-R.S. 42:62(3).
"Appointive office" is defined as:
 ". . . any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof." LSA-R.S. 42:62(2).
"Political subdivision" is defined as:
 ". . . a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions . . .". LSA-R.S. 42:62(9).
"Full-time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S.42:62(4). "Part-time" means less than the number of hours of work defined as full-time. LSA-R.S. 42:62(5).
The position of member of the Alexandria/Pineville Area Convention and Visitors Bureau falls within the definition of part-time appointive office because (1) the position is created by the laws of this state, pursuant to LSA-R.S. 33:4574.5, (2) the members are appointed by a governmental body or public official, and (3) the member serves in a part-time capacity as defined by statute. You advise the director of the bureau holds local full-time employment with the Alexandria/Pineville Area Convention and Visitors Bureau. Based on the authority cited above, we of the opinion that no prohibition exists against holding local full-time employment while holding a local part-time appointive office.
However, we find these offices to be incompatible under LSA-R.S. 42:64, which provides in pertinent part:
 "A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * *
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position."
The director is subject to the control of the Alexandria/Pineville Area Convention and Visitors Bureau. Presumably, sections (5) and (6) above would apply in this situation. The reasons for the incompatibility of the two positions would not be affected whether or not the interim director waives compensation. We enclose Attorney General Opinion Numbers 89-208, 89-342, and 89-432, which adhere to this conclusion.
We have not addressed any potential ethical problems with the simultaneous holding of these positions. This office defers to the State Ethics Commission concerning ethical violations under the Code of Governmental Ethics, LSA-R.S. 42:1111, et. seq. You may direct your inquiry for an opinion to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, LA 70808, telephone number 504-765-2308.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0217E